IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ALICE GUILLEN, § | |
|     Plaintiff, § | |
| v. § | No. 3:16-CV-1397-D (BF) |
| NANCY A. BERRYHILL, Acting § | |
| Commissioner of Social Security, § | |
|     Defendant. § | |

**FINDINGS, CONCLUSIONS & RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Rosemary Marquez ("Plaintiff") brings this action for judicial review of the Commissioner of Social Security's ("Commissioner") final decision denying her claims for a period of disability, disability insurance benefits, and supplemental security income under Titles II and XVI of the Social Security Act pursuant to 42 U.S.C. § 405(g). For the following reasons, the undersigned respectfully recommends that the District Court REVERSE and REMAND the final decision of the Commissioner.

**BACKGROUND**

Plaintiff alleges that she is disabled due to a variety of ailments, including abdominal pain, depression, and anxiety. Tr. 67, ECF No. 11-3. After Plaintiff's application was denied initially and upon reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ"). Hearings were held on March 10, 2014 and on September 12, 2014 in Dallas, Texas before ALJ Keith Allred. Tr. 38 & 62, ECF No. 11-3. Plaintiff was born on October 9, 1973, and at the time of the hearing, Plaintiff was 40 years old. Tr. 65, ECF No. 11-3. Plaintiff has a high school equivalency diploma. Tr. 79, ECF No. 11-3. Plaintiff has past work experience as a billing clerk, cashier/checker, data entry operator, medical records clerk, bank teller, ticket clerk, and a courtesy booth worker. Tr. 78, ECF No. 11-3. Plaintiff has not engaged in substantial gainful activity since September 1, 2012.

Tr. 246 & 248, ECF No. 11-7.

On January 21, 2015, the ALJ issued a decision finding Plaintiff not disabled. Tr. 29, ECF No. 11-3. The ALJ determined that Plaintiff had the following severe impairments: lower limb fracture status post hardware removal, chondromalacia patella of the knees, asthma in combination with morbid obesity, morbid obesity, depression, and anxiety disorder. Tr. 19, ECF No. 11-3. The ALJ determined that Plaintiff does not have an impairment or a combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. Tr. 22, ECF No. 11-3.

The ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform sedentary work as defined in 20 CFR §§ 404.1567(a) and 416.967(a) as follows: (1) occasionally lift and/or carry 10 pounds; (2) frequently lift and/or carry less than 10 pounds; (3) stand/walk for 2 hours in an 8 hour work day; (4) sit for 6 hours in an 8 hour work day; (5) frequently climb ramps and stairs; (6) occasionally stoop, crouch, and kneel; (7) avoid climbing ladders, ropes, or scaffolds; (8) avoid crawling; (9) attend and concentrate for 2 hours at a time; (10) respond appropriately to changes in a routine work place; (11) perform detailed non-complex tasks and carry out detailed non-complex instructions; (12) have frequent contact with supervisors, coworkers, and the general public; and (13) have no more than occasional exposure to pulmonary irritants. Tr. 24, ECF No. 11-3. The ALJ determined that Plaintiff was able to perform her past work as a billing clerk. Tr. 28, ECF No. 11-3. Plaintiff appealed the ALJ's decision to the Appeals Council, and on January 21, 2015, the Appeals Council affirmed the ALJ's decision. Tr. 13, ECF No. 11-3. Plaintiff subsequently filed this action in the District Court on May 20, 2016. Compl., ECF No. 1.

# **LEGAL STANDARDS**

A claimant must prove that she is disabled for purposes of the Social Security Act to be entitled to social security benefits. *Leggett v. Chater*, 67 F.3d 558, 563-64 (5th Cir. 1995); *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988). The definition of disability under the Act is "the inability to engage in any substantial gainful activity by reason of any medically-determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992).

The Commissioner utilizes a sequential five-step inquiry to determine whether a claimant is disabled. Those steps are that:

> (1) an individual who is working and engaging in substantial gainful activity will not be found disabled regardless of medical findings;
> (2) an individual who does not have a "severe impairment" will not be found to be disabled;
> (3) an individual who meets or equals a listed impairment in Appendix 1 of the regulations will be considered disabled without consideration of vocational factors;
> (4) if an individual is capable of performing the work the individual has done in the past, a finding of "not disabled" will be made; and
> (5) if an individual's impairment precludes the individual from performing the work the individual has done in the past, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed.

*Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (citing *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990); 20 C.F.R. § 404.1520(b)-(f)). The burden of proof lies with the claimant to prove disability under the first four steps of the five-step inquiry. *Leggett*, 67 F.3d at 564. The burden of

3

proof shifts to the Commissioner at step five of the inquiry to prove that other work, aside from the claimant's past work, can be performed by the claimant. *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994) (citing *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989)).

The Commissioner's determination is afforded great deference. *Leggett*, 67 F.3d at 564. Judicial review of the Commissioner's findings is limited to whether the decision to deny benefits is supported by substantial evidence and to whether the proper legal standards were utilized. *Greenspan*, 38 F.3d at 236 (citing 42 U.S.C. §§ 405(g), 1383(c)(3)). Substantial evidence is defined as "that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance." *Leggett*, 67 F.3d at 564. The reviewing court does "not reweigh the evidence, try the issues *de novo*, or substitute" its own judgment, but rather scrutinizes the record as a whole to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236.

"Absent an error that affects the substantial rights of a party, administrative proceedings do not require 'procedural perfection.'" *Wilder v. Colvin*, No. 3:13-CV-3014-P, 2014 WL 2931884, at *5 (N.D. Tex. June 30, 2014) (citing *Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012)). "The ALJ is not required to discuss every piece of evidence in the record nor must the ALJ follow formalistic rules of articulation." *Hunt v. Astrue*, No. 4:12-CV-44-Y, 2013 WL 2392880, at *7 (N.D. Tex. June 3, 2013) (citing *Castillo v. Barnhart*, 151 F. App'x 334, 335 (5th Cir. 2005)); *see also Falco v. Shalala*, 27 F.3d 160, 164 (5th Cir. 1994) ("That [the ALJ] did not follow formalistic rules in her articulation compromises no aspect of fairness or accuracy that her process is designed to ensure."). "Procedural errors affect the substantial rights of a claimant only when they 'cast into doubt the existence of substantial evidence to support the ALJ's decision.'" *Wilder*, 2014 WL 2931884, at *5

4

(quoting *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988)). "Remand is required only when there is a realistic possibility that the ALJ would have reached a different conclusion absent the procedural error." *Id.* (citing *January v. Astrue*, 400 F. App'x 929, 933 (5th Cir. 2010)).

## **ANALYSIS**

Plaintiff argues that the ALJ failed to give due consideration to the opinions of her treating physicians, Dr. Edward Panousieris and Dr. Ni Ni Swe. Pl.'s Br. 11, ECF No. 14. Plaintiff points out that Dr. Panousieris opined that Plaintiff has been unable to work since September 2012 and was not able to complete a full work day, because she could not sit, stand, or walk for up to two hours. Pl.'s Br. 11, ECF No. 14 (citing Tr. 1068, ECF No. 12-9; Tr. 1241, ECF No. 12-11). Plaintiff argues that, while the ALJ found that Dr. Panousieris's opinion was "internally inconsistent and not supported by his own treatment notes," the ALJ failed to refer to any specific medical evidence that refutes Dr. Panousieris's opinion as required under SSR 96-2p. Pl.'s Br. 13, ECF No. 14 (citing Tr. 28, ECF No. 11-3). Plaintiff argues the ALJ failed to provide sufficient reasons for giving Dr. Panousieris's opinion little weight, even though Dr. Panousieris treated Plaintiff for many years, is familiar with Plaintiff's complaints and treatments, referred Plaintiff to many specialists for evaluation, and is aware of Plaintiff's side effects to medication which he considered to be significant. Pl.'s Br. 14, ECF No. 14. Plaintiff argues that no reason has been given to reject Dr. Panousieris's opinion as to Plaintiff's symptoms and functional limitations. Pl.'s Br. 14, ECF No. 14.

Plaintiff also points out that Dr. Swe opined that Plaintiff had the ability to understand, remember, and carry out only simple instructions, and that Plaintiff would either miss work, arrive late, or leave early four to five days per month and the vocational expert testified that such absenteeism would preclude full time employment. Pl.'s Br. 12, ECF No. 14 (citing Tr. 58, ECF No.

5

11-3; Tr. 1295, ECF No. 12-12). Plaintiff further points out that Dr. Swe also believed that Plaintiff had significant limitations in her ability to: (1) complete a normal work day and work week without interruptions from psychologically-based symptoms; (2) perform at a consistent pace without an unreasonable number and length of rest periods; (3) respond appropriately to supervision and coworkers; (4) respond appropriately to usual work stresses and work situations; and (5) deal with changes in a routine work setting. Pl.'s Br. 12, ECF No. 14 (citing Tr. 1296-97, ECF No. 12-12). Plaintiff points out that, while the ALJ stated that he "looked carefully for evidence that Dr. Swe has treated the claimant, and I find none," Dr. Swe's signature appears on treatment notes dated September 23, 2014 and December 23, 2014. Pl.'s Br. 12, ECF No. 14 (citing Tr. 1297-98, ECF No. 12-12). In addition, Plaintiff argues that Dr. Swe, as Plaintiff's treating physician, must have had access to all of Plaintiff's treatment records at her clinic when she assessed Plaintiff's impairments and functional limitations. Pl.'s Br. 12, ECF No. 14.

In the response, the Commissioner argues that the ALJ specifically considered multiple forms that Dr. Panousieris completed in 2012 and 2013 where he opined that Plaintiff was unable to perform full-time work from August 2012 through May 2013 because of chronic abdominal pain. Def.'s Br. 11, ECF No. 15 (citing Tr. 21, ECF No. 11-3; Tr. 1050-1194, 1124-25, 1134-35, & 1141-47, ECF Nos. 12-9 & 12-10; Tr. 1240-42, ECF No. 12-11). In addition, the Commissioner points out that the ALJ specifically considered Dr. Panousieris's opinion that Plaintiff could not sit, stand, or walk for up to two hours in a work day, could not complete a full work day, and that Plaintiff was temporarily disabled, with the disability expected to last for more than six months from his examination date of May 11, 2013. Def.'s Br. 11, ECF No. 15 (citing Tr. 26, ECF No. 11-3; Tr. 1068, ECF No. 12-9). The Commissioner argues that, while Plaintiff contends that the ALJ did not

6

reference any specific medical evidence that refutes Dr. Panousieris's opinion, the ALJ pointed out Dr. Panousieris's multiple conflicting statements. Def.'s Br. 12, ECF No. 15 (citing Tr. 21, ECF No. 11-3; Tr. 1050-1194, 1124-25, 1134-35, & 1141-47, ECF Nos. 12-9 & 12-10; Tr. 1240-42, ECF No. 12-11).

With respect to Dr. Swe's opinion, the Commissioner agrees with Plaintiff that, contrary to the ALJ's statement, the evidence shows that Dr. Swe treated Plaintiff on two separate dates. Def.'s Br. 12, ECF No. 15; Tr. 1297-98, ECF No. 12-12). However, the Commissioner argues that this is at most, a harmless error, because the ALJ noted that Dr. Swe worked at the Child and Family Guidance Center and found Dr. Swe's opinion to be inconsistent with the treatment records from that facility. Def.'s Br. 12-13, ECF No. 15 (citing Tr. 26, ECF No. 11-3; Tr. 1015, ECF No. 12-7; Tr. 1057-59, ECF No. 12-9; Tr. 1259-60, ECF No. 12-11; Tr. 1275-76 & 1298-99, ECF No. 12-12). The Commissioner argues that Dr. Swe's treatment notes only state that Plaintiff's medications were helping her, she was alert and oriented, and that she was to return for her next appointment in three months. Def.'s Br. 13, ECF No. 15 (citing Tr. 1295-99, ECF No. 12-12). Therefore, the Commissioner argues that there is nothing in Dr. Swe's notes or any of the records from the Child and Family Guidance Center that support Dr. Swe's opinion regarding Plaintiff's limitations. Def.'s Br. 13, ECF No. 15 (citing Tr. 1295-99, ECF No. 12-12).

In the reply, Plaintiff argues that if the ALJ felt that there was a conflict between Dr. Swe's treatment notes and her opinion, SSR 96-5p required the ALJ to contact the treating physician to obtain a clarification, which he failed to do. Reply 4, ECF 16. Furthermore, while Plaintiff agrees that Dr. Panousieris's opinion that Plaintiff could not sit, stand, and walk for a total of 8 hours, but that she could perform keyboarding for 8 hours is confusing, Plaintiff argues that medical source

7

statements may consist of separate opinions concerning different physical and mental functions. Reply 4, ECF No. 16. Plaintiff also argues that, if the ALJ was confused about the keyboarding notations, he could have contacted Dr. Panousieris for clarification. Reply 5, ECF No. 16. In addition, Plaintiff argues that, while the Commissioner maintains that the ALJ referenced multiple conflicting statements by Dr. Panousieris, the ALJ failed to point out any conflicts but rather found Dr. Panousieris's reports to be consistent with the complaints of pain noted by the state agency physicians. Reply 5, ECF No. 16 (citing Def.'s Br. 12, ECF No. 15; Tr. 26, ECF No. 11-3).

While the Commissioner argues that the ALJ's failure to see that Dr. Swe treated Plaintiff on at least two occasions was harmless error, the undersigned disagrees. As Plaintiff argues, if the ALJ believed that there was a conflict between Dr. Swe's treatment notes and her opinion, SSR 96-5p directs the ALJ to contact the treating physician to obtain a clarification, which the ALJ failed to do, perhaps because he overlooked Dr. Swe's examinations of Plaintiff on September 23, 2014, and December 23, 2014 and her intent to see Plaintiff again in three months. *See* Reply 4, ECF 16; Tr. 1297-98, ECF No. 12-12. SSR 96-5p states:

> Because treating source evidence (including opinion evidence) is important, if the evidence does not support a treating source's opinion on any issue reserved to the Commissioner and the adjudicator cannot ascertain the basis of the opinion from the case record, the adjudicator must make "every reasonable effort" to recontact the source for clarification of the reasons for the opinion.

SSR 96-5p, 1996 WL 374183, at *6 (SSA Jul. 2, 1996). "It is well-established that [the Court] may only affirm the Commissioner's decision on the grounds which he stated for doing so." *Cole v. Barnhart*, 288 F.3d 149, 151 (5th Cir. 2002).

> It will not do for a court to be compelled to guess at the theory underlying the agency's action; nor can a court be expected to chisel that which must be precise from what the agency has left vague and indecisive. In other words, "We must know

8

what a decision means before the duty becomes ours to say whether it is right or wrong."

*Sec. & Exch. Comm'n v. Chenery Corp.*, 67 S. Ct. 1575, 1577 (1947) (citing *United States v. Chicago, Milwaukee, St. Paul & Pac. R.R. Co.*, 294 U.S. 499, 511 (1935)); *see also Singleton v. Astrue*, No. 3:11-CV-2332-BN, 2013 WL 460066, at *6 (N.D. Tex. Feb. 7, 2013) ("Defendant contends that, even if error occurred, the error was harmless . . . . The Court is unable to say what the ALJ would have done. . . . Had the ALJ given proper consideration . . . the ALJ might have reached a different decision as to disability."); *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000) ("The ALJ's decision must stand or fall with the reasons set forth in the ALJ's decision[.]" (citing *Knipe v. Heckler*, 755 F.2d 141, 149 n.16 (10th Cir. 1985); *Dong Sik Kwon v. Immigration & Naturalization Serv.*, 646 F.2d 909, 916 (5th Cir. 1981))). The undersigned finds that the ALJ's decision is not supported by substantial evidence, because the undersigned is unable to say what the ALJ would have done had he realized that Dr. Swe had a treatment relationship with Plaintiff. The ALJ may have contacted Dr. Swe to clarify what the ALJ deemed inconsistent. Therefore, had the ALJ given Dr. Swe's opinion further consideration, the ALJ may have reached a different decision.

The undersigned further finds that the ALJ's decision is not supported by substantial evidence, because the ALJ did not conduct a detailed analysis of the factors set forth in 20 C.F.R. § 404.1527(c). In *Newton v. Apfel*, the Fifth Circuit stated the following:

> [A]bsent reliable medical evidence from a treating or examining physician controverting the claimant's treating specialist, an ALJ may reject the opinion of the treating physician *only* if the ALJ performs a detailed analysis of the treating physician's views under the criteria set forth in 20 C.F.R. § 404.1527[(c)]. Additionally, if the ALJ determines that the treating physician's records are inconclusive or otherwise inadequate to receive controlling weight, absent other medical opinion evidence based on personal examination or treatment of the claimant, the ALJ must seek clarification or additional evidence from the treating

9

physician in accordance with 20 C.F.R. § 404.1512(e). . . . This court [] holds that an ALJ is required to consider each of the § 404.1527[(c)] factors before declining to give any weight to the opinions of the claimant's treating specialist. The ALJ failed to perform this analysis, which should be conducted on remand.

*Newton v. Apfel*, 209 F.3d 448, 453-56 (5th Cir. 2000). The Commissioner argues that the ALJ permissibly rejected Dr. Swe's and Dr. Panousieris's opinions, because they were internally inconsistent. Def.'s Br. 12-13, ECF No. 15. The Commissioner does not point to any controverting medical evidence from a treating or examining physician. Absent reliable evidence from a treating or examining source controverting Plaintiff's treating physicians' opinions, the ALJ was required to consider each of the Section 404.1527(c)[1] factors. *See Gittens v. Astrue*, 3:04-CV-2363-L, 2008

---

1. 20 C.F.R. § 404.1527(c) states the following:

(c) How we weigh medical opinions. Regardless of its source, we will evaluate every medical opinion we receive. Unless we give a treating source's opinion controlling weight under paragraph (c)(2) of this section, we consider all of the following factors in deciding the weight we give to any medical opinion.
    (1) Examining relationship. Generally, we give more weight to the opinion of a source who has examined you than to the opinion of a source who has not examined you.
    (2) Treatment relationship. Generally, we give more weight to opinions from your treating sources . . . . When we do not give the treating source's opinion controlling weight, we apply the factors listed in paragraphs (c)(2)(i) and (c)(2)(ii) of this section, as well as the factors in paragraphs (c)(3) through (c)(6) of this section in determining the weight to give the opinion. We will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion.
    (i) Length of the treatment relationship and the frequency of examination. Generally, the longer a treating source has treated you and the more times you have been seen by a treating source, the more weight we will give to the source's medical opinion. When the treating source has seen you a number of times and long enough to have obtained a longitudinal picture of your impairment, we will give the source's opinion more weight than we would give it if it were from a nontreating source.
    (ii) Nature and extent of the treatment relationship. Generally, the more knowledge a treating source has about your impairment(s) the more weight we will give to the source's medical opinion. We will look at the treatment the source has provided and at the kinds and extent of examinations and testing the source has performed or ordered from specialists and independent laboratories.
    (3) Supportability. The more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion.
    (4) Consistency. Generally, the more consistent an opinion is with the record as a whole, the more weight we will give to that opinion.
    (5) Specialization. We generally give more weight to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist.
    (6) Other factors. When we consider how much weight to give to a medical opinion, we will also consider any factors you or others bring to our attention, or of which we are aware, which tend to support or contradict the opinion.

WL 631215, at *5 (N.D. Tex. Feb. 29, 2008) ("The court [] finds that the ALJ had a duty to explain why these medical opinions from a treating physician were rejected and to conduct the analysis required by 20 C.F.R. § 404.1527[(c)]."). As discussed, while the ALJ's failure to conduct the detailed analysis with respect to Dr. Swe's opinion may have been an oversight due to his failure to recognize the treatment relationship between Plaintiff and Dr. Swe, the ALJ discussed Plaintiff's long-term relationship with Dr. Panousieris. Tr. 21, ECF No. 11-3. As Plaintiff argues, the ALJ's conduct in relying "almost exclusively on the opinions of the non-examining and non-treating physicians," effectively turned "the Treating Physician Rule on its head, deferring to the opinions of physicians who had never laid eyes on the Plaintiff while dismissing the opinions of those who had examined and treated her dozens of times over many years." Pl.'s Br. 13, ECF No. 14 (quoting *Creekmore v. Colvin*, No. 5:14-CV-3019-RMG, 2015 WL 4771947, at *6 (D.S.C. Aug. 12, 2015)).

In consideration of the foregoing, the undersigned also concludes that the ALJ's decision is not supported by substantial evidence, because the ALJ failed to conduct the necessary analysis as to Plaintiff's treating physicians' opinions. *See Wilder*, 2014 WL 2931884, at *6 ("On the record before it, the Court cannot say that the failure to conduct the detailed analysis is harmless error. Had the ALJ conducted that analysis, there is a realistic possibility that he would have given greater weight to the opinions of the treating physician . . . . There is also a realistic possibility that the ALJ would have sought clarification or additional evidence as contemplated by 20 C.F.R. § 404.1512(e)."). Because the undersigned finds that the Commissioner decision should be reversed for these reasons, the undersigned pretermits consideration of Plaintiff's remaining argument as she can raise it before the ALJ on remand. *See* 20 C.F.R. § 404.983 (providing that when a case is remanded from federal court, the ALJ may consider any issues relating to the claim).

## RECOMMENDATION

For the reasons stated above, the undersigned respectfully recommends that the District Court REVERSE and REMAND the final decision of the Commissioner.

SO RECOMMENDED, this 1st day of September, 2017.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).