IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALICE GUILLEN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:16-CV-1397-D-BT |
| | § | |
| NANCY A. BERRYHILL, | § | |
| Acting Commissioner, Social | § | |
| Security Administration. | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff's counsel has filed a Petition to Obtain Approval of a Fee for Representing a Social Security Claimant [ECF No. 27]. For the following reasons, the Court should GRANT the request.

## Background

Plaintiff's counsel states in his Petition that, after the Court's September 18, 2017 Judgment remanding this case for further administrative proceedings, the Commissioner issued a favorable decision awarding Plaintiff past-due benefits. Pet. 2-3. Plaintiff's counsel now seeks $15,796.25 in attorney's fees, which represents 25% of Plaintiff's past-due benefits, the maximum amount the Court may approve for legal services performed on Plaintiff's behalf at the federal court level under 42 U.S.C. § 406(b)(1); *id.* 3. Plaintiff's counsel further states that Plaintiff executed a contract in which she agreed to pay her counsel 25% of any

1

past-due benefits awarded. Pet. 3; *see also* App. 27-28 [ECF. No. 27-1]. Finally, Plaintiff's counsel states that, should the Court award the $15,796.25 under Section 406(b), he will promptly refund the $5,158.39 previously awarded under the Equal Access to Justice Act ("EAJA"), as required under the law. Pet. 8; Order [ECF No. 26]. In response, the Commissioner states that, she does not take any legal position as to the reasonableness of counsel's request, because she is not the true party in interest. Resp. 1 [ECF No. 29].

## Legal Standards and Analysis

The Court has discretion to award attorney's fees out of the past due benefits recovered by a successful claimant in a Social Security action. Specifically, § 406(b) of the Social Security Act, which governs the award of attorney's fees for representing a claimant in federal court, provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C. § 406(b)(1)(A); *see also Murkeldove v. Astrue*, 635 F.3d 784, 787-88 (5th Cir. 2011) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 795, 800 (2002)); *accord Jackson v. Astrue*, 705 F.3d 527, 531 (5th Cir. 2013) (holding that "§ 406(b) fees are authorized in cases where an attorney obtains a favorable decision on remand").

In this case, Plaintiff's counsel seeks a fee award pursuant to a contingency fee agreement with Plaintiff. The Court must independently review counsel's fee arrangement to assure that it yields a reasonable result in this case. *See Gisbrecht*, 535 U.S. at 807. A contingency fee agreement is unenforceable to the extent it provides for fees in excess of 25% of the past due benefits awarded. *See id* (citing § 406(b)(1)(A)). Additionally, "[i]f the benefits [resulting from a contingency fee agreement] are large in comparison to the amount of time counsel spent on the case, a downward adjustment is . . . in order [to disallow windfalls for lawyers]." *Id.* at 808.

The Fifth Circuit has not prescribed an exhaustive list of factors to consider in determining whether a fee award in a social security case pursuant to a contingency fee agreement represents a windfall to the lawyer, requiring a downward adjustment.[1] However, it has implicitly approved several factors considered by lower courts, including "risk of loss in the representation, experience of the attorney, percentage of the past-due benefits the fee constitutes, value of the case to a claimant, degree of difficulty, and whether the client consents to the requested fee." *Jeter*, 622 F.3d at 381-82 (citing *Brannen v. Barnhart*, 2004 WL 1737443, at *5 (E.D. Tex. July 22, 2004)). The claimant's attorney bears the burden

---

[1] The reasonableness of attorney's fees awarded pursuant to a fee shifting statute is generally determined by using the lodestar method. *See Jeter v. Astrue*, 622 F.3d 371, 378 (5th Cir. 2010). However, because § 406(b) is not a fee shifting statute, the Supreme Court has explicitly rejected using the lodestar method as the starting point in determining the reasonableness of a fee under this statute. *Id*; *Gisbrecht*, 535 U.S. at 801-02.

of persuasion on the reasonableness of the fees sought. *Gisbrecht*, 535 U.S. at 807 n.17.

Here, the relevant factors weigh in favor of approving Plaintiff's counsel's Petition. First, courts have consistently recognized that there is a substantial risk of loss in civil actions for social security disability benefits. *See, e.g., Hartz v. Astrue*, 2012 WL 4471846, at *6 (E.D. La. Sept. 12, 2012) (collecting cases), *adopted by*, 2012 WL 4471813 (E.D. La. Sept. 27, 2012); *Charlton v. Astrue*, 2011 WL 6325905, at *4 (N.D. Tex. Nov. 22, 2011) (noting that, in the year 2000, only 35 percent of claimants who appealed their cases to federal court received benefits), *adopted by*, 2011 WL 6288029 (N.D. Tex. Dec. 14, 2011). Here, counsel faced a substantial risk of loss, as Plaintiff had lost at all levels of the administrative proceedings. That Plaintiff had been unsuccessful until counsel agreed to represent her in federal court also indicates that the case presented some degree of difficulty. Second, the record demonstrates that counsel is a highly experienced social security attorney. In an affidavit submitted in support of his Petition, he states that he studied and practiced Social Security Law for over forty years, including practicing for nearly twelve years as an attorney for the Social Security Administration and for over thirty years since then representing individuals in social security claims before the Social Security Administration and the Federal Courts. Pet. 12-13. Third, there is no evidence that the requested fee award of $15,796.25 exceeds 25% of the past-due benefits that Plaintiff received. Next, the value of the case to Plaintiff was significant as the Commissioner determined that

she had been disabled from September 1, 2012, through December 19, 2016, and, as a result, she is entitled to an award of past-due benefits. App. 18. Finally, the existence of a contingency fee agreement indicates that Plaintiff consented to the payment of a 25% fee. *Hartz*, 2012 WL 4471846, at *6; *see Jeter*, 622 F.3d at 381-82.

Counsel's effective hourly rate for the work performed in this case is $590.51 ($15,796.25 divided by 26.75 hours). Pet. 6-7. Counsel states that he does not normally charge fees on an hourly basis, but he represents that if he did charge a standard hourly rate he would charge $375.00 per hour, which is consistent with the median hourly rate of $388.00 per hour, charged by law firms in the Texas region, in the year 2012, by equity partners in law firms in the region. *Id.* 6. Counsel further submits that the requested fee in this case, which is approximately one and a half times the standard hourly rate he would have charged, is not unreasonable, given the 26.75 hours worked, his forty-plus years of experience, the favorable result obtained, and the fact he took the case on a contingency basis. *Id.* 6-7.

In view of all the relevant factors, the undersigned agrees that the requested fee award in the amount of $15,796.25 is reasonable. Accordingly, the Court should order the Commissioner to certify and disburse $15,796.25 from Plaintiff's past-due benefits pursuant to 42 U.S.C. § 406(b) and order Plaintiff's counsel to promptly return to Plaintiff the $5,158.39 previously awarded under the EAJA.

## Recommendation

The Court should grant Plaintiff's counsel's Petition to Obtain Approval of a Fee for Representing a Social Security Claimant [ECF No. 27], award attorney Ronald D. Honig $15,796.25 in attorney's fees to be certified for payment out of Plaintiff's past-due benefits pursuant to 42 U.S.C. § 406(b), and order the Acting Commissioner to release such amount as and for an attorney's fee to Plaintiff's counsel Ronald D. Honig. The Court should order Plaintiff's counsel to promptly return to Plaintiff the $5,158.39 previously awarded under the EAJA.

**SO RECOMMENDED**.

December 14, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).